**Harry Fred SCOTT, et al., Plaintiffs,**

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**Harry Fred Scott, Plaintiff–Appellant,**

v.

**Robert GOODWIN, Defendant–
Appellee.**

No. 03–40686
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 2003.

Harry Fred Scott, pro se, Crockett, TX, for Plaintiff–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

The appellants move this court to review the record in other civil rights cases filed by Harry Fred Scott; for an evaluation of Harry Fred Scott's mental and physical competency; for a finding that Harry Fred Scott had a Sixth Amendment right to counsel during a 1993 civil trial; and for appointment of appellate counsel; and for various forms of extraordinary relief. All of the foregoing motions are DENIED.

The appellants do not challenge the district court's determination that there is no federal subject matter jurisdiction because defendant Robert Goodwin is not a state actor within the meaning of 42 U.S.C. § 1983. Thus, they have abandoned the only issue that is properly before this court. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993); Fed. R.App. P. 28(a)(9).

The appeal is frivolous and it is DISMISSED as such. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5th Cir. R. 42.2. The appellants are WARNED that sanctions will be imposed if they file frivolous appeals in the future.

ALL MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.